# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| PATTI J. CHURCHILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:08-cv-92 |
| ) | |
| MULLINIX PACKAGES, INC., ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

A hearing was conducted on January 8, 2009, on the Request for Evidentiary Hearing filed by Defendant on November 12, 2008. (Docket # 11, 15.) Oral argument was heard on the motion. The motion was DENIED for the reasons stated on the record, which are summarized in this Order.

### A. *Factual and Procedural Background*

On or about October 23, 2006, Plaintiff Patti Churchill was terminated by her former employer, Defendant Mullinix Packages, Inc. (Compl. ¶ 23.) She filed a charge of discrimination with the EEOC, and the EEOC issued a Dismissal and Notice of Rights, which reflects a mailing date of September 7, 2007. (Compl. Ex. 2.) Defendant represents that it received a copy of the Notice of Rights on or about September 10, 2007 (Def.'s Req. for an Evidentiary Hr'g ¶ 4), while Plaintiff states that neither she nor her counsel received the Notice of Rights until February 19, 2008, after her counsel placed several phone calls to the EEOC (Compl. ¶ 10 n.1).

Plaintiff filed this action against Defendant on March 18, 2008, and requested a trial by jury, contending that she was discriminated against on the basis of her gender in violation of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. (Docket # 1.) On May 22, 2008, the Court conducted a scheduling conference with the parties, establishing a discovery deadline of December 30, 2008. (Docket # 10.)

On November 12, 2008, Defendant filed the instant motion for an evidentiary hearing, citing *Jones v. Madison Service Corp.*, 744 F.2d 1309, 1313-14 (7th Cir. 1984), and contending that "there is a dispute as to when Plaintiff's attorney actually received the right-to-sue letter and when he actually learned that the right-to-sue letter was issued by the EEOC. (Def.'s Req. for an Evidentiary Hr'g ¶ 8.) Plaintiff failed to file a response to the motion, and the time to do so has since expired.

### B. *Summary of the Court's Reasoning*

As discussed at the hearing, the 90-day filing limitation is not jurisdictional and therefore is subject to waiver, estoppel, and equitable tolling. *Hines v. Serv. Corp. Int'l*, No. 08 C 856, 2008 WL 2692033, at *2 (N.D. Ill. July 1, 2008) (citing *Jones*, 744 F.2d at 1314). In its preliminary research, this Court found only one case in the Seventh Circuit where an evidentiary hearing was held concerning a right-to-sue letter dispute and that was in connection with a motion for summary judgment, not an untethered motion such as Defendant filed here. *See Sanders v. Venture Stores, Inc.*, 56 F.3d 771 (7th Cir. 1995).

While several other cases in the Seventh Circuit briefly mentioned the necessity of an evidentiary hearing in the event of a right-to-sue letter dispute, those cases did not involve an actual dispute and thus no hearing was performed. *See Jones*, 744 F.2d at 1314 (motion for summary judgment); *Archie v. Chicago Truck Drivers, Helpers & Warehouse Workers Union*, 585 F.2d 210, 216 (7th Cir. 1978) (motion to dismiss); *Davis v. Panasonic Co. USA*, No. 02 C

1431, 2002 WL 31415726, at *2 (N.D. Ill. Oct. 28, 2002) (motion to dismiss); *Colquett v. Rockford Register Star*, No. 00 C 50215, 2001 WL 699933, at *2 n.3 (N.D. Ill. June 21, 2001) (motion for summary judgment); *Coleman v. Advance Transp. Co.*, No. 92 C 8248, 1993 WL 313114, at *2 n.2 (N.D. Ill. Aug. 16, 1993) (motion to dismiss).

Here, since Plaintiff states in her complaint that neither she nor her attorney received the right-to-sue letter until February 19, 2008, it seems that a motion to dismiss is not appropriate. *See Majeski v. Balcor Entm't Co.*, 740 F. Supp. 563, 567 (E.D. Wis. 1990) ("[O]nce a plaintiff has pled facts to satisfy the statute of limitations requirement, then the proper method for defendant to dispute these factual allegations is a motion for summary judgment.") (citing *Stewart v. RCA Corp.*, 790 F.2d 624 (7th Cir. 1986)).

And, with respect to any motion for summary judgment, a judge cannot resolve a factual dispute where a jury trial has been requested, as is the case here. *Stewart*, 790 F.2d at 629. That is, because a judge may not evaluate the credibility of witnesses, the principal advantage of oral testimony is unavailable in hearings under Federal Rule of Civil Procedure 43(e) on motions for summary judgment. *Id*. Therefore, oral testimony in the context of a motion for summary judgment could seemingly waste everyone's time. *Id*.; *see also Seamons v. Snow*, 206 F.3d 1021, 1026 (10th Cir. 2000) ("[O]ral testimony on summary judgment motions should be used sparingly and with great care. The purpose of summary judgment, which is to provide quick resolution when there are not disputed issues of fact, would be compromised if the hearing permitted by Rule 43(e) became a preliminary trial.").

Consequently, Defendant's request for an evidentiary hearing is DENIED.

## C. Conclusion

For the reasons stated on the record at the hearing and summarized above, Defendant's request for an evidentiary hearing on the issue of Plaintiff's timeliness in filing her complaint (Docket # 11) is DENIED. The Court believes, however, that the issue may be amenable to a separate trial under Federal Rule of Civil Procedure 42(b) or, as suggested by Defendant, a separate motion for summary judgment. Accordingly, the Court re-opens discovery until March 13, 2009, solely with respect to the issue of Plaintiff's timeliness in filing her complaint. In addition, the parties shall have until April 13, 2009, to file a motion for summary judgment or a motion for a separate trial under Rule 42(b) concerning this discrete issue.

SO ORDERED.

Entered this 9th day of January, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge